

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00119-CR
_____

KENDARIUS MARQUES ALLISON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2022-C-141

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Kendarius Marques Allison pled guilty to robbery, a second-degree felony, *see* TEX. PENAL CODE ANN. § 29.02, and was placed on deferred-adjudication community supervision. The State subsequently moved to proceed with adjudication of guilt, and after an adjudication hearing, the trial court sentenced Allison to ten years' incarceration. On appeal, Allison claims he is entitled to a new hearing on the State's motion to adjudicate guilt because he "was not presented with a copy of the nature and cause of the accusation against him." Because neither the record nor Allison's brief support his argument, we affirm the trial court's judgment.

## I.    Background

A grand jury indicted Allison with aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b). Later, the State filed notice of its intent to seek enhancement on the range of punishment based on Allison's prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(c)(1). The enhancement increased the punishment range from five to ninety-nine years or life to fifteen to ninety-nine years or life.

Before trial, Allison entered into a plea agreement with the State in which he pled guilty to the second-degree felony of robbery in exchange for ten years' deferred-adjudication community supervision. The trial court placed Allison on deferred adjudication. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101. Less than eight months later, the State filed a motion to proceed with adjudication of guilt, alleging that Allison violated the terms and conditions of his community supervision by testing positive for marihuana, failing to report to his community supervision officer on five occasions, and failing to complete his community service hours.

Allison was arrested, and specifically related to his claim on appeal, he signed a certificate of service indicating he had received a copy of the State's motion to proceed with adjudication of guilt from his community supervision officer. The trial court appointed an attorney to represent Allison, and within ten days after Allison received a copy of the State's motion, his appointed attorney received a copy of the motion, as well.

At the hearing on the State's motion, Allison pled true to all three of the State's alleged violations. Allison's community supervision officer testified, confirming that Allison had tested positive for marihuana, failed to report to his community supervision officer, and failed to complete community service. Allison also testified. He admitted that he used marihuana while on community supervision and that he failed to report to his community supervision officer.

The trial court adjudicated Allison guilty, revoked his community supervision, and sentenced him to ten years' incarceration. Allison appeals.

## II. Allison's Claim Is Meritless

In his sole issue, Allison claims he was "not presented with a copy of the nature and cause of the accusation against him, and to have a copy [of it]." Allison argues that he "was not afforded a copy of the accusation against him" and that the allegations in the State's motion to adjudicate "were not read out loud to him, nor was that substantial right waived by him in writing." We interpret Allison's sole issue as presenting two sub-issues: (1) that he was not

3

presented with a copy of the accusations against him[1] and (2) that the allegations against him were not read aloud in open court.[2]

First, though Allison claims he was not given a copy of the accusations against him, the record demonstrates the contrary.[3] The record contains a certificate of service demonstrating that Allison's community supervision officer delivered a copy of the State's motion to proceed with adjudication of guilt to Allison on June 3, 2024, more than three weeks before the hearing on the motion. The record contains a second certificate of service showing that Allison's appointed trial counsel was provided with a copy of the State's motion on June 13, 2024, shortly after his appointment. The State identified in its motion both the offense of robbery to which Allison had previously pled guilty and the terms and conditions of community supervision Allison was alleged to have violated. On this sub-issue, the record itself defeats Allison's claim.

Second, Allison complains that the alleged violations in the State's motion to adjudicate "were not read out loud to him," nor did he waive that right. On this sub-issue, Allison provides no authority that supports his position that he was entitled to have the violations of community supervision "presented to him in open court" or read aloud in the adjudication hearing. Article I, Section 10, of the Texas Constitution, cited by Allison, does not, on its face, state a right to have

---

[1] Allison does not argue that the contents of the State's motion to adjudicate were inadequate to inform him of the nature of the alleged community supervision violations.

[2] Allison's issue on appeal does not specifically state that his complaint regards the failure to have the accusations against him read out loud to him *in open court*, but we assume that meaning from a statement later in his brief: "Appellant did not waive his right to have the nature of the charges presented to him in open court."

[3] Similarly, Allison does not complain in his brief of a failure to be provided with a copy of the indictment. In his brief, Allison states, "In the present case there is no waiver of the presentment of the States [sic] Motion for Adjudication (the charging instrument in this appeal)." Thus, we limit our discussion to presentment of the motion to adjudicate and note that Allison had no right to appeal from the order of deferred adjudication, as it was premised on a plea bargain.

violations of community supervision read aloud in open court during a hearing on a motion to adjudicate guilt. *See* Tex. Const. art. I, § 10. Moreover, the record demonstrates that the State's allegations in its motion to adjudicate guilt were read aloud in open court in Allison's presence. The *Norwood* case cited by Allison deals with the dismissal on appeal of a case against a defendant who was never indicted and did not waive that right. *See Norwood v. State*, No. 06-23-00169-CR, 2024 WL 4157994 (Tex. App.—Texarkana Sept. 12, 2024, no pet.) (mem. op., not designated for publication). Allison does not claim he was not indicted, so *Norwood* is not on point. Although Allison presents additional argument and authority on his claim that he did not waive that right, the portion of his brief regarding waiver is irrelevant since Allison failed to establish in the first place that such a right should have been afforded to him.

As discussed above, the record establishes that both Allison and his trial counsel were provided with written notice of alleged violations of community supervision on which the State based its motion to adjudicate before the hearing and that those allegations were read aloud in open court in front of Allison.

We overrule Allison's sole issue.

## III.     Conclusion

We affirm the trial court's judgment adjudicating guilt.


                                                      Jeff Rambin
                                                      Justice

Date Submitted:      February 13, 2025
Date Decided:        April 4, 2025

Do Not Publish